DOTSON ET AL. *v*. DYE ET AL.

[No. 15,694. Filed January 20, 1937.]

*James J. Farnan* and *Warner, Clark & Warner,* for appellants.

*Francis A. Shaw,* for appellees.

LAYMON, J.—Appellees instituted this suit against the appellants to recover the sum of $500 for death benefits alleged to be due them from the appellants upon the

death of one James Dye as a member of the Brotherhood of Maintenance of Way Employes. The complaint was in one paragraph, to which was addressed a motion to make the complaint more specific. This motion was overruled. Appellants filed their answer in several paragraphs in which they admit and deny and avoid certain particulars of appellees' complaint, particularly alleging how and in what manner the decedent, James Dye, had failed to comply with the constitution, general laws, and regulations of the appellants' association, and had, therefore, forfeited his right to death benefits in the amount of $500, admitting, however, that he was entitled to death benefits in the sum of $150. To this answer the appellees replied in two paragraphs—general denial and confession and avoidance—particularly alleging that said decedent had not forfeited his rights, that he had not been suspended, and that his beneficiary was entitled to the full amount of benefits, to wit, $500. The cause was submitted to the court without the intervention of a jury. At the request of the appellants the court made a special finding of facts and stated its conclusions of law thereon. The finding of facts and conclusions of law were favorable to the appellees, and judgment was rendered accordingly to the effect that the appellees recover of the appellants the sum of $507, together with costs. The appellants duly excepted to the court's conclusion of law No. 1. A motion for a new trial also was filed and overruled, an exception reserved, and this appeal prayed and perfected. The assignment of error recites: first, that the court erred in its conclusion of law No. 1 stated upon the special finding of facts; second, that the court erred in overruling appellants' motion for a new trial. The causes set out in appellants' motion for a new trial are: (1) That the court erred in the assessment of the amount of recovery, in that the amount is too large; (2) that the finding of

the court is not sustained by sufficient evidence; (3) that the decision of the court is not sustained by sufficient evidence; (4) that the finding of the court is contrary to law; (5) that the decision of the court is contrary to law; (6) that the court erred in admitting in evidence appellees' Exhibit 4; (7) that the court erred in admitting in evidence appellees' Exhibit 9; (8) that the court erred in admitting in evidence appellees' Exhibit 10.

Appellants, in their brief, do not discuss the first assignment of error, but do discuss the second assignment of error, under which is presented the insufficiency of the evidence to sustain the finding of the court; that the finding is contrary to law; and that there was error in the assessment of the amount of recovery. Under this assignment, the appellants in their reply brief recite: "There is really only one question to decide in this case and that is—Is there any evidence to support the finding that James Dye was not delinquent in the payment of his dues for the second quarter of 1928?" In passing upon this question we find that the lower court specifically found in its finding of facts against the appellants and to the effect that James Dye was not delinquent in the payment of his dues for the second quarter of 1928. Therefore, we will examine the record to ascertain whether there was sufficient evidence to sustain this finding of the court.

It appears from the evidence that James Dye was seventy-four years of age at the time of his death on November 1, 1934; that he had a continuous membership in appellants' association from September 26, 1920, to the date of his death; that one Henry Mechtensimer, during the years 1924, 1925, 1926, 1927, and 1928, was the secretary of Richmond Lodge No. 235 (a subordinate lodge of appellants' association) and was duly authorized to receive and collect all monies due from the

decedent, James Dye, as dues to the death benefit department of said association; that Mary Hart, granddaughter of James Dye, went to Richmond, Indiana, on January 31, 1928, where she met her grandfather, James Dye, at the Lodge room, left him, and later saw him in about twenty minutes at a restaurant, at which time she saw the official stamp book issued by the appellants' association to her grandfather, James Dye, said book disclosing by cancellation of stamps therein the payment of his premiums and being appellees' Exhibit 3; that she saw the date and stamp on it and saw him put it in his pocket; that during the time she resided with her grandfather, James Dye, she went to the Gaston Banking Company and procured cashier's checks for the dues to this Brotherhood for the year 1928, and when she secured these cashier's checks for dues, she mailed them to Henry Mechtensimer, secretary of the lodge; that she saw appellees' Exhibit 4, which was a cashier's check dated February 15, 1928, payable to the order of Henry Mechtensimer in the sum of $4.75, the day it was issued, after which she mailed Exhibit 4 to Henry Mechtensimer, enclosing a letter, the envelope of which was properly stamped, and the letter deposited in the United States mails; that the letter informed the addressee that he would find a check enclosed for the sum of $4.75 "to pay for my dues in the lodge" and signed by James Dye; that when the witness Hart was in Richmond on January 31, 1928, at the time she met her grandfather, James Dye, he showed her the book and that it had the stamp in it cancelled "1-31-28"; that Henry Mechtensimer, secretary of the association, testified that he met Mr. Dye in Richmond on January 31, 1928; that upon several occasions he met Mr. Dye on the way to the lodge room and would issue the stamp, later receiving the money therefor; that he received appellees' Exhibit 4, which was a check drawn on the Gaston Banking Com-

pany, dated February 15, 1928, in the sum of $4.75, payable to the order of H. Mechtensimer, showing payment on March 15, 1928, by endorsement of Henry Mechtensimer and others.

Appellants contend that appellees' Exhibit 4 was given for reimbursement to Henry Mechtensimer in payment of the cancellation of the stamp on January 31, 1928, and appellees contend that Exhibit 4 was given in payment of decedent's dues for the second quarter of the year 1928.

It is apparent that there was controverted evidence as to the purpose for which appellees' Exhibit 4 was given, but this evidence being conflicting, this court will not weigh it. We think that there was ample evidence to sustain the finding of the court to the effect that the decedent, James Dye, was not delinquent in the payment of his dues for the second quarter of 1928.

The appellants insist that the court committed error in the admission into evidence of appellees' Exhibit 4. However, in view of the testimony of the witness Mary Hart to the effect that she accompanied her grandfather, the decedent, to the Gaston Banking Company, where cashier's checks were procured for his dues to this brotherhood for the year 1928; that she mailed these cashier's checks for his dues to Henry Mechtensimer, secretary of the lodge; that she saw Exhibit 4 the day it was issued, after which she mailed it to Henry Mechtensimer, enclosing a letter; together with the evidence to the effect that Henry Mechtensimer was, at the time, the duly authorized officer of appellants' association to receive the said dues and did, in fact, receive and cash the check, being Exhibit 4, we feel that there was no error committed.

The appellants fail to discuss under points and authorities the remaining causes for new trial, and we will consider these waived.

Having reached the conclusion that there was some evidence to warrant the lower court's finding that James Dye did not become delinquent in the payment of his dues for the second quarter of 1928, we must conclude that upon his death his beneficiary would be entitled to the sum of $500.

Finding no reversible error in the overruling of appellants' motion for a new trial, the judgment of the lower court is affirmed.